## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| VALLEY LUMBER COMPANY, INC., | ) | |
| | ) | CASE NO.: 17-72121-JHH |
| Debtor. | ) | |
| | ) | |

## JOINT MOTION FOR ORDER UNDER 11 U.S.C. § 105 TO EXTEND INJUNCTIVE RELIEF PROVIDED DEBTOR UNDER 11 U.S.C. § 362 TO INSIDER/NON-DEBTOR DEFENDANTS IN STATE COURT LITIGATION

COME NOW, Roger H. Bedford, Jr, and Steven D. Hammock, co-debtors and interested parties herein, movants herein ("Movants"), or ("non-debtor defendants"), by and through undersigned counsel, and for their Motion for Order Under 11 U.S.C. § 105 to Extend Injunctive Relief Provided Debtor Under 11 U.S.C. § 362 to Insider/Non-Debtor Defendants in State Court Litigation, states as follows:

1. On or about December 8, 2017, Valley Lumber Company, Inc. ("Debtor") filed a voluntary Chapter 11 petition commencing Chapter 11 case number 17-72121-JHH in this court.

2. The Debtor is maintaining its business as a debtor-in-possession under applicable provisions of the Bankruptcy Code.

3. On the commencement date of the Chapter 11 case, this Honorable Court entered an Order for Relief which operates as a stay applicable to all entities as to, inter alia, commencement, continuation, enforcement or any other action or proceeding against the Debtor to recover claims against the Debtor, to enforce claims against the Debtor's property or to obtain possession of property of the estate (see 11 U.S.C. § 362(a)).

4. The 11 U.S.C. § 362 automatic stay remains in full force and effect.

1

5.        On or about September 13, 2017, TCO Supplies, LLC ("TCO") filed a Complaint, later to be amended, in the Circuit Court of Colbert County, Alabama, styled *TCO Supplies, LLC vs. VALLEY LUMBER CO., INC., STEVEN D. HAMMACK and ROGER H. BEDFORD, JR.* ("Colbert County Complaint") alleging Movants to be guarantors of the Chapter 11 Debtor's payment obligation to TCO and asking the Colbert County Circuit Court to impress against Movants as non-debtor defendants a separate and several judgment in favor of TCO. Said Colbert County Complaint contains counts One, Two, Three, Four, Five, Six, Seven and Eight, each count reciting underlying counts and claims and breach of guarantee allegations against Movants and other non-debtor defendants ("State Court Defendants").

6.        Upon information and belief, all of the State Court Defendants have employed counsel and/or interposed a responsive pleading to the TCO lawsuit. A copy of the Colbert County Complaint is attached hereto and incorporated herein by reference.

7.        Upon information and belief, the Debtor herein anticipates and expects that the claims already asserted in the Colbert County Complaint which recite money damage claims against the State Court Defendants in the Colbert County Complaint, both debtor and non-debtor, will be a virtual mirror image of amounts to be recited in any secured Proof of Claim to be filed by TCO in the Chapter 11 case. Certainly, the claim asserted in the Colbert County Complaint and any to be filed in the Chapter 11 case arise out of the same operative facts. Movants represent to this Honorable Court that defending the Colbert County Complaint at this time at their own expense while Debtor is attempting to reorganize its business and financial affairs under the protection of the Chapter 11 court will impose a financial and undue hardship on Movants and will negatively impact their opportunity and ability to direct the successful prosecution of the Chapter 11 case. Conversely, it is believed that it should not, and would not,

2

impose an undue hardship on TCO if the pending Colbert County Complaint were to be stayed by this Honorable Court pursuant to 11 U.S.C. § 105 in its entirety to allow the Debtor a reasonable opportunity to negotiate a confirmable plan of reorganization in this Chapter 11 case.

8.      Movants Roger H. Bedford, Jr., and Steven D. Hammack respectfully request that this Honorable Court will exercise its powers granted to it under 11 U.S.C. § 105, which provides that "(t)he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title", to extend the injunctive relief of the 11 U.S.C. § 362 automatic stay in favor of the Chapter 11 Debtor to the State Court Defendants, and order that the Colbert County Complaint shall be stayed from further prosecution until further order of this Honorable Court.

9.      Pursuant to § 105(a) of the U.S. Bankruptcy Code, this Court has discretion "to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Courts throughout this country have utilized § 105 and § 362(a) to prevent creditors from pursuing state law actions against non-debtors where such actions would be adverse to the bankruptcy estate. See, *In re Jefferson County Alabama,* 491 B.R. 277 (Bankr. N.D. Ala. 2013). In the *Jefferson County* bankruptcy case, the court considered whether to extend the automatic stay to include ongoing state court litigation where the debtor was not a party. In ruling to extend the automatic stay to the state court lawsuits, the court determined that it possessed the authority to issue a stay even though the debtor was not a party to the existing state court litigation but where the existing litigation would have had an adverse economic consequence for the debtor's estate. 491 B.R. at 298. See also, *Queenie Limited v. Nygard International,* 321 F.3d 282 (2nd Cir. 2003).

3

10.     This Court has also recently applied the holding in *In re Jefferson County Alabama* to extend the automatic stay to non-debtors. This Court, in the case of *In re Dombrowski*, Case Number 16-81412-CRJ-11, ruled that under the circumstances presented in that case, it was appropriate to extend the automatic stay to non-debtor entities in order to protect assets of the bankruptcy estate. In so holding, the Court found that the debtor's estate would be significantly affected by the foreclosure of certain real property owned by companies in which the debtor was the sole owner. The Court also recognized that property of the bankruptcy estate includes all legal or equitable interests of the debtor, which included property acquired after the debtor's filing. 11 U.S.C. § 541(a) (7). Consequently, the Court concluded that the debtor's interest in the equity in the real property constituted property of the estate regardless of how the property was itself titled.

WHEREFORE, PREMISES CONSIDERED, Roger H. Bedford, Jr., and Steven D. Hammack respectfully request that this Honorable Court will extend the 11 U.S.C. § 362 automatic stay to the State Court Defendants in the Colbert County Circuit Court litigation styled *TCO Supplies, LLC vs. VALLEY LUMBER CO., INC., STEVEN D. HAMMACK and ROGER H. BEDFORD, JR.* under 11 U.S.C. § 105 of the Bankruptcy Code to enjoin temporarily the continued prosecution of CV-2017-900286 pending in the Circuit Court of Colbert County, Alabama. The Debtor requests such other and further relief as may be just and appropriate.

Respectfully submitted this the _____ day of January, 2018.

/s/ Frederick M.  Garfield
Frederick M. Garfield, Attorney for
Roger H. Bedford, Jr.

/s/Kevin D. Heard
Kevin D. Heard, Attorney for Steven D. Hammack

4

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above and foregoing upon the following by electronic filing, and by U. S. Mail, properly addressed and postage prepaid, this the _____ day of January, 2018.

Stuart M. Maples, Esq.
Maples Law Firm, PC
200 Clinton Avenue W, Ste. 1000
Huntsville, AL  35801

Cynthia R. Slate-Cook, Esq.
Slate, Cook & Waters
P.O. Box 1344
Decatur, AL  35602

G. Rick Hall, Esq.
Douglas B. Hargett, Esq.
Hall, Tanner & Hargett, P.C.
201 North Wter Street
Tuscumbia, AL  35674

Kevin C. Gray, Esq.
Bradley Arant Boult Cummings, LLP
200 Clinton Avenue W, Ste. 900
Huntsville, AL  35801-4900

Richard Blythe, Esq.
Rachel L. Webber, Esq.
Bankruptcy Administrator
P.O. Box 3045
Decatur, AL  35602

/s/ Fred Garfield _____
Of Counsel



AlaFile E-Notice

20-CV-2017-900286.00

To: GARFIELD FREDERICK MOTT J
    fmg@spain-gillon.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

TCO SUPPLIES, LLC V. VALLEY LUMBER CO., INC. ET AL
20-CV-2017-900286.00

The following complaint was FILED on 12/4/2017 10:18:41 AM

Notice Date:    12/4/2017 10:18:41 AM

NANCY L. HEARN
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511



ELECTRONICALLY FILED
12/4/2017 10:18 AM
20-CV-2017-900286.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| TCO SUPPLIES, LLC, | |
| **Plaintiff,** | |
| v. | **CIVIL ACTION NO.:** |
| VALLEY LUMBER CO., INC., STEVEN D. HAMMACK, ROGER H. BEDFORD, JR., MUY GRANDE LODGE, LLC d/b/a Muy Grande and Muy Grande, LLC, and ROGER MAYS, | **CV-2017-900286** |
| **Defendants.** | |

## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff TCO Supplies, LLC ("TCO" or "Plaintiff") and amends its original Complaint to incorporate, restate, and reallege all allegations and causes of action stated therein. In addition to Valley Lumber Co., Inc. ("Valley"), Steven D. Hammack ("Hammack"), and Roger H. Bedford, Jr. ("Bedford"), TCO adds as defendants to this action Muy Grande Lodge, L.L.C. d/b/a Muy Grande and Muy Grande, LLC ("Muy Grande"), and Roger Mays ("Mays", collectively "Defendants"), and asserts the following additional allegations and claims against Defendants as stated herein:

### COUNT THREE - DECLARATORY JUDGMENT
### (All Defendants)

1.     TCO incorporates, restates, and realleges all allegations stated in the original Complaint as if fully set forth herein.

1

2.     Pursuant to Alabama Code § 6-6-220-232 and Rule 57 of the Alabama Rules of Civil Procedure, there is a justiciable controversy between the parties concerning the ownership, title, sale, transfer, and interest in certain deer that are collateral and security in this action.

3.     In the Managed Inventory Agreement (the "Agreement") executed on March 16, 2016, as amended on January 27, 2017 (the "Amended Agreement"), Hammack pledged certain deer in which he has an interest individually and other deer in which he has an interest through his ownership interest in Muy Grande as security to assure the prompt payment and performance of the obligations of Valley, Hammack, and Bedford under the Agreement and Amended Agreement.

4.     Additionally, Hammack pledged his ownership interest in Muy Grande as collateral to secure his obligations under the Agreement and Amended Agreement.

5.     Based on physical inventories of the deer, Hammack has sold or transferred deer serving as collateral under the Security Agreement entered into in conjunction with the Agreement and Amended Agreement and failed to pay the proceeds from sales of the deer to TCO in accordance with the Agreement, Amended Agreement, Security Agreement, Membership Interest Pledge Agreement (the "Pledge Agreement"), and Guaranty.

6.     An inventory of the deer provided by Hammack at the time the Agreement was entered, which was attached to the Security Agreement as Exhibit A, indicated that Hammack owned 105 deer through his interest in Muy Grande. Exhibit A also indicated that Hammack individually owned one-half of another 108-deer herd with another Roger Mays.

7.     There is a shortage of deer inventory to secure Hammack's obligations to TCO, and a need to determine the individuals and entities to whom the deer were sold or transferred, including, but not limited to, Muy Grande, Bedford, Valley, and/or Mays. There is also a need to declare the parties' respective rights to any proceeds from the sale or transfer of any deer.

2

WHEREFORE, PREMISES CONSIDERED, TCO respectfully requests the Court to declare the rights and interests of the parties with respect to the deer serving as collateral under the Agreement, Amended Agreement, Security Agreement, Membership Interest Pledge Agreement, and Guaranty, and award TCO all damages, including attorney's fees, interest, costs, expenses, and such other and further relief to which it may be entitled.

## COUNT FOUR – ACCOUNTING
### (All Defendants)

8.      TCO incorporates, restates, and realleges all allegations stated in the original Complaint as if fully set forth herein.

9.      Defendants have sold, transferred, and/or misappropriated the property of and/or monies owed to TCO through breach of contractual obligations, fraud, and other wrongful conduct. This property and money relates to lumber owned by TCO and deer serving a security for the obligations owed by Valley, Bedford and Hammack to TCO.

10.      Said property and monies rightfully are owed to TCO and/or are property and monies in which TCO has a security interest. Defendants have possession or control of such property and/or monies.

WHEREFORE, PREMISES CONSIDERED, TCO respectfully requests the Court to enter an order requiring Defendants Valley, Bedford, and Hammack to provide a full accounting of all TCO's lumber sold, purchased, stored, or maintained from the inception of the Agreement through the present date and account for all monies paid or received for lumber. Additionally, TCO requests that all Defendants provide a full accounting of the deer maintained, sold, purchased, transferred, or otherwise disposed of that relate in any way to the Agreement, Amended Agreement, Security Agreement, Pledge Agreement, or Guaranty, and all monies derived from, received, or paid related to the deer.

3

## COUNT FIVE – FRAUDULENT MISREPRESENTATION
### (Valley, Bedford, and Hammack)

11.     TCO incorporates, restates, and realleges all allegations stated in the original Complaint as if fully set forth herein.

12.     Defendants Valley, Bedford, and Hammack misrepresented certain material facts to TCO prior to and at the time the Agreement, Amended Agreement, Security Agreement, Pledge Agreement, and Guaranty were entered into, repeatedly throughout the parties' business dealings continuing throughout the present date, at and around the time the Court entered the Agreed Order on Preliminary Injunction (the "Agreed Order"), and continuing after the Agreed Order was entered.  These misrepresentations include, but were not limited to: (a) Hammack misrepresented the amount of deer he owned and/or his interest in the deer individually and/or through his interest in Muy Grande; (b) Hammack misrepresented that he was maintaining the deer serving as collateral and/or protecting TCO's security interest under the Agreement, Amended Agreement, Security Agreement, Pledge Agreement, and Guaranty; (c) Hammack misrepresented that the sale of any deer and proceeds of the same were being held for the benefit of or paid to TCO in accordance with the Agreement, Amended Agreement, Security Agreement, Pledge Agreement, and Guaranty; (d) Valley, Bedford, and Hammack misrepresented that they were keeping TCO's lumber segregated at Valley's facility and when TCO's lumber was sold, the proceeds of the sale were being remitted to TCO in accordance with the Agreement and Amended Agreement; and (e) Valley, Bedford, and Hammack misrepresented that they were keeping accurate and truthful records of the lumber maintained, purchased, and sold and amounts due to be paid to TCO.

13.     TCO relied on these misrepresentations to its detriment.  Among other things, these misrepresentations caused TCO to: (a) purchase lumber and store the same at Valley's facility; (b) continue in a business relationship with Valley, Bedford, and Hammack and rely on them to sell

4

TCO's lumber and remit the proceeds TCO; and (c) maintain the deer in which TCO has a security interest and lumber owned by TCO at the property of Valley, Bedford, and/or Hammack.

14.     TCO has suffered substantial monetary damages because of the misrepresentations of material facts by Valley, Bedford, and Hammack.

WHEREFORE, PREMISES CONSIDERED, TCO respectfully requests the Court to enter a judgment awarding compensatory and punitive damages in the amount to be determined by the trier of fact, including interest, attorneys' fees and expenses, the costs of the action, plus any other relief the Court deems appropriate.

## COUNT SIX – FRAUDULENT SUPPRESSION
### (Valley, Bedford and Hammack)

15.     TCO incorporates, restates, and realleges all allegations stated in the original Complaint as if fully set forth herein.

16.     Defendants Valley, Bedford, and Hammack had a duty to TCO to disclose certain material facts to TCO prior to and at the time the Agreement, Amended Agreement, Security Agreement, Pledge Agreement, and Guaranty were entered into, repeatedly throughout the parties' business dealings continuing throughout the present date, at and around the time the Court entered the Agreed Order, and continuing after the Agreed Order was entered. Said material facts included, but were not limited to: (a) Hammack suppressed the amount of deer he owned and/or his interest in the deer individually and/or through his interest in Muy Grande; (b) Hammack suppressed that he was not maintaining the deer serving as collateral and/or was not protecting TCO's security interest under the Agreement, Amended Agreement, Security Agreement, Pledge Agreement, and Guaranty; (c) Hammack suppressed that the sale of any deer and proceeds of the same were not being held for the benefit of or paid to TCO in accordance with the Agreement, Amended Agreement, Security Agreement, Pledge Agreement, and Guaranty; (d) Valley, Bedford, and

5

Hammack suppressed that they were not keeping TCO's lumber segregated at Valley's facility and when TCO's lumber was sold, the proceeds of the sale were not being remitted to and/or were being withheld from TCO; and (e) Valley, Bedford, and Hammack suppressed that they were not keeping accurate and truthful records of the lumber maintained, purchased, and sold and amounts due to be paid to TCO.

17. Valley, Bedford, and Hammack had knowledge of these material facts and intentionally, recklessly, negligently, and/or innocently concealed them from or failed to disclose them to TCO.

18. Valley's, Bedford's, and Hammack's concealment or failure to disclose said material facts induced TCO to take and/or refrain from taking action. Among other things, these suppressions caused TCO to: (a) purchase lumber and store the same at Valley's facility; (b) continue in a business relationship with Valley, Bedford, and Hammack and rely on them to sell TCO's lumber and remit the proceeds TCO; and (c) allow Hammack to maintain the deer in which TCO has a security interest.

19. TCO has suffered substantial monetary damages because of these Defendants' failure to disclose the above-described material facts.

WHEREFORE, PREMISES CONSIDERED, TCO respectfully requests the Court to enter a judgment awarding compensatory and punitive damages in the amount to be determined by the trier of fact, including interest, attorneys' fees and expenses, the costs of the action, plus any other relief the Court deems appropriate.

## COUNT SEVEN – CONVERSION
### (Valley, Bedford, and Hammack)

20. TCO incorporates, restates, and realleges all allegations stated in the original Complaint as if fully set forth herein.

6

21.     Defendants Valley, Bedford, and Hammack wrongfully and maliciously converted, among other things, the property, monies, and security of TCO, including lumber owned by TCO, monies generated by the sale of TCO's lumber, deer serving as security for the obligations Defendants owe to TCO, and monies generated by the sale of the deer. TCO has a right to the property, monies, and security converted.

22.     The property, monies, and security are capable of identification, as the (a) lumber owned by TCO was required to be segregated and specially marked for easy identification by Valley, Bedford, and Hammack, and detailed records of all sales of the lumber were to be maintained; and (b) the deer securing Defendants' obligations to TCO were identified in a written Exhibit A to the Security Agreement, and all sales, transfers, and/or other events related to the deer were to be maintained in accordance with the Agreement, Amended Agreement, Security Agreement, Pledge Agreement, Guaranty, and Alabama law.

23.     As a direct, foreseeable, and proximate result of these conversions, TCO has and continues to suffer substantial damages related to these Defendants' actions.

WHEREFORE, PREMISES CONSIDERED, TCO respectfully requests the Court to enter a judgment awarding compensatory and punitive damages in the amount to be determined by the trier of fact, including interest, attorneys' fees and expenses, the costs of the action, plus any other relief the Court deems appropriate.

## COUNT EIGHT – UNJUST ENRICHMENT
### (Valley, Bedford, and Hammack)

24.     TCO incorporates, restates, and realleges all allegations stated in the original Complaint as if fully set forth herein.

25.     Defendants Valley, Bedford, and Hammack knowingly accepted and retained the benefits described herein and in the original Complaint, including, but not limited to, the lumber

owned by TCO, monies from the sale of TCO's lumber, the deer serving as security for the obligations of Valley, Hammack, and Bedford, and monies received from the sale of deer serving as security for the obligations of Valley, Hammack, and Bedford.

26.     Valley, Bedford, and Hammack have been unjustly enriched, and it would be inequitable to allow these Defendants to retain these benefits.

27.     TCO claims as damages the unjust enrichment which these Defendants realized at its expense.

WHEREFORE, PREMISES CONSIDERED, TCO respectfully requests the Court to enter a judgment awarding damages in the amount to be determined by the trier of fact, including interest, attorneys' fees and expenses, the costs of the action, plus any other relief the Court deems appropriate.

### JURY DEMAND

TCO demands a trial by struck jury on all allegations, claims, and requests for relief asserted herein or that may be asserted in any subsequent amendment hereto.

Respectfully submitted this the 4th day of December, 2017.

s/ G. Rick Hall
G. Rick Hall (HAL043)
E-mail: rhall@halltanner.com

s/ Douglas B. Hargett
G. Rick Hall (HAR278)
E-mail: dhargett@halltanner.com

**HALL, TANNER & HARGETT, P.C.**
201 North Water Street
Tuscumbia, AL 35674
T: (256) 381-7750
F: (256) 381-4449

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of December, 2017, I electronically filed the foregoing with the Clerk of the Court using the AlaFile E-File system which will send notification of such filing to the following: Jeffrey L. Bowling, Esq., Frederick M. Garfield, Esq., and Kevin D. Heard, Esq.

s/ G. Rick Hall
Of Counsel

## PLEASE SERVE THE FOLLOWING BY CERTIFIED MAIL:

**Muy Grande Lodge, L.L.C.**
**1709 Fairview Road**
**Russellville, AL 35653**

**Roger Mays**
**314 Marion Road**
**Phil Campbell, AL 35581**

9