IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| VALLEY LUMBER, COMPANY, INC., | ) | CASE NO. 17-72121-CRJ11 |
| | ) | |
| Debtor. | ) | CHAPTER 11 |

# FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION OF VALLEY LUMBER COMPANY, INC., DEBTOR AND DEBTOR-IN-POSSESSION

**OCTOBER 9, 2018**

Stuart M. Maples
Mary Ena J. Heath
MAPLES LAW FIRM, PC
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
(256) 489-9779 – Telephone
(256) 489-9720 – Facsimile
smaples@mapleslawfirmpc.com

Attorneys for Debtor-in-Possession

# DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION
# DATED SEPTEMBER 28, 2018

In accordance with 11 U.S.C. § 1124, Valley Lumber Company, Inc., debtor-in-possession ("Debtor") in the above captioned Chapter 11 case, files this Plan of Reorganization dated October 9, 2018, (the "Plan"), in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division ("Bankruptcy Court" or "Court").

## I.
## DEFINITIONS

The following terms shall have the following meanings unless the context otherwise requires and, unless otherwise indicated, the singular shall include the plural. The definitions contained in §§ 101 and 1101 of the Bankruptcy Code shall control unless different definitions are stated herein, in which case the definitions as stated herein shall control for purposes of this Plan.

**1.01** **"Accounting Fees"** means accounting and/or administrative management fees for preparing tax returns and other financial reports.

**1.02** **"Administrative Claim"** means a claim for any cost or expense of administration of the Reorganization Case allowed under § 503(b) of the Bankruptcy Code, including without limitation any claim for the actual and necessary costs and expenses of preserving the Debtor' estate and all allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court.

**1.03** **"Allowed Amount"** means the amount of any Allowed Claim.

**1.04** **"Allowed Claim"** means:

    (a)    Any Claim in any Class:

        (i)    proof of which has been filed with the Bankruptcy Court prior to the Bar Date, or which have been scheduled by the Debtor and not shown as disputed, contingent, or unliquidated; and

        (ii)    to which no objection has been made within the Disclosure Statement or to which no objection is filed within thirty (30) days of the date of the effective date or which has been allowed by Final Order; or

    (b)    Any Administrative Claim for which a motion or fee application has been filed and approved by the Court.

**1.05** **"Allowed Secured Claim"** means a claim that is both an Allowed Claim and a Secured Claim.

**1.06** **"Allowed Unsecured Claim"** means a claim that is both an Allowed Claim and an Unsecured Claim.

**1.07** **"Bankruptcy Code or Code"** means Chapter 11 of Title 11, United States Code.

**1.08** **"Bankruptcy Court"** or **"Court"** means the United States Bankruptcy Court for the Northern District of Alabama, Northern Division.

**1.09** **"Bankruptcy Rule"** or **"Bankruptcy Rules"** means one or more of the Federal Rules of Bankruptcy Procedure.

**1.10** **"Bar Date"** means the date established by the Court as the deadline for filing all Claims. Bar date for governmental claim holders in a Chapter 11 case is 180 days from the date of filing. Claims filed after the Bar Date, which are not otherwise Allowed Claims, will be disallowed and of no effect.

**1.11** **"Claim"** means a claim or interest as defined by the Code.

**1.12** **"Class"** means one of the classes of allowed claims or equity interests established by the Plan.

**1.13** **"Confirmation Date"** means the date of the Confirmation Order becoming final.

**1.14** **"Confirmation Order"** means the Final Non-Appealable Order of the Court determining that the Plan meets the requirements of the Bankruptcy Code and is entitled to confirmation.

**1.15** **"Court"** means the United States Bankruptcy Court for the Northern District of Alabama, Northern Division.

**1.16** **"Debtor"** means Valley Lumber Company, Inc.

**1.17** **"Disbursing Agent"** means Steven M. Hammack and/or Roger Bedford.

**1.18** **"Effective Date"** means thirty (30) days after the Confirmation Date.

**1.19** **"Filing Date"** with respect to the Debtor means December 8, 2017, the date on which the case was commenced by the Debtor filing for relief under Chapter 11 of the Bankruptcy Code.

**1.20** **"Final Decree"** means the Order entered by the Bankruptcy Court which closes the case.

**1.21** **"Final Order"** means:

    A.    An order of the Court that has become conclusive of all matters adjudicated by such order and:

        (i)    that is not the subject of a pending appeal and for which the time to appeal or seek review or rehearing of such order has expired, or

        (ii)    that is the subject of a pending appeal but has not been stayed or as to which no supersedeas bond has been posted.

**1.22** **IRS** means the United States Treasury, Internal Revenue Service.

**1.23** **"Net Plan Profits"** means net profits determined in accordance with generally accepted accounting principles consistently applied: (a) less administrative payments which are due on or before the date on which Net Plan Profits are being calculated; (b) less any payments required by this plan, which are due on or before the date on which Net Plan Profits are being calculated, other than payments out of Net Plan Profits.

**1.24** **Plan** means this Plan of Reorganization and any subsequent amendments.

**1.25** **Post-Petition** means the Filing Date and the period after the Filing Date.

**1.26** **Pre-Petition** means the period preceding the Filing Date.

**1.27** **Priority Claim** means those expenses and claims which may be provided for under 11 U.S.C. Section 507 (a) (2), (3), (4), (5), (6), (7), (8) and (9) of the Code.

**1.28** **Proponent** means Debtor.

**1.29** **Pro-rata Share** means the same proportions that a given Allowed Claim within a Class bears to the total allowed claim of such class.

**1.30** **Reorganization Case** with respect to the Debtor means the reorganization case under Chapter 11 of the Bankruptcy Code.

**1.31** **Secured Claim** means a claim allowed as secured in the real or personal property of the Debtor.

**1.32** **Unsecured Claim** means an allowed claim other than an Administrative Expense Claim, Priority Claim, or a Secured Claim.

## II.
## CLASSES AND CLASSIFICATIONS OF CLAIMS AND INTEREST

**2.0** **UNCLASSIFIED CLAIMS**

    **A.** **Administrative Expense Claims.** Administrative Expense Claims shall consist of all administrative expense claims of the Debtor's Chapter 11 case as allowed pursuant to § 503(b) of the code and given priority in accordance with § 507(a)(1) of the Code. These claims are divided into the following sub-categories:

        (i) **Maples Law Firm, P.C.**: Debtor has incurred legal fees with the law firm of Maples Law Firm, P.C., relating to the firm's representation of the Debtor in Bankruptcy. These legal fees, if approved by the Court, shall constitute an Administrative Expense Claim which is unimpaired and shall be paid in full as of the Effective Date of the Plan.

      (ii) **Tax Claims.**

      (i)     The Allowed Tax Claims of the IRS.

## 2.01 UNIMPAIRED CLASSES

All classes of claims are impaired under the Plan.

## 2.02 IMPAIRED CLASSES

**Class 1 – Allowed Secured Claims.**

Class 1(a): Allowed Secured Claims of Bank Independent

    Class 1(a)(i) shall consist of the Allowed Secured Claim No. 9 of Bank Independent $3,512,626.51.

    Class 1(a)(ii) shall consist of the Allowed Secured Claim No. 8 of Bank Independent in the amount of $201,834.86.

Class 1(b): Allowed Secured Claim of CB&S

    Class 1(b) shall consist of the Allowed Secured Claim No. 26 of CB&S Bank in the amount of $1,515,998.30.

Class 1(c): Allowed Secured Claim of De Lage Landen Financial Services

    Class 1(c) shall consist of the Allowed Secured Claim No. 16 of De Lage Landen Financial Services in the amount of $299,511.14.

**Class 2 – Allowed Unsecured Claims.**

Class 2 shall consist of the Allowed Unsecured Claims of all other unsecured creditors.

**Class 3 – Equity Interest Holders.**

Class 3 shall consist of the equity position of Steven D. Hammack and Roger Bedford in the Debtor. Hammack and Bedford shall retain their interest in the Debtor.

## III.
## IMPAIRMENT AND TREATMENT OF CLASSES UNDER THE PLAN

    The Plan will be summarized by incorporation of pertinent portions. Other provisions of the Plan are extremely important, especially Article I, Definitions. The Plan should be read in full.

**3.0    TREATMENT OF UNCLASSIFIED CLAIMS**

   A.    **Administrative Expense Claims:** This class shall consist of all administrative expense claims of the Debtor' Chapter 11 case as allowed pursuant to § 503(b) of the Code and given priority in accordance with § 507(a)(1) of the Code. This class is divided into the following sub-classes:

   **Maples Law Firm, P.C.**: Debtor has incurred legal fees with the law firm of Maples Law Firm, P.C. relating to the firm's representation of the Debtor in Bankruptcy in the approximate amount of $46,000.00. It is anticipated that an additional $25,000-$30,000 will be incurred. These legal fees, if approved by the Court, shall constitute an Administrative Expense Claim which is unimpaired and shall be paid in full as of the Effective Date of the Plan.

   B.    **Tax Claims:**

   **Internal Revenue Service:** The Internal Revenue Service asserts a Priority Claim of $46,626.53. The Allowed Priority Claim of the IRS shall be paid over sixty (60) months after the Effective Date of the Plan.

**3.01   TREATMENT OF IMPAIRED CLAIMS**

**Classified Claims:**

**Class 1 – Secured Claims.**

   Class 1(a): Allowed Secured Claim of Bank Independent

   Class 1(a)(i) shall consist of the Allowed Secured Claim No. 9 of Bank Independent in the amount of $3,512,626.51  Class 1(a)(i) shall be amortized over two hundred forty (240) months and shall accrue interest at 4.0%. Class 1(a)(i) shall be based upon month equal monthly installments commencing sixty (60) days after the Effective Date of the Plan. Such payments shall be $21,285.83 per month until paid. All calculations of payments are subject to adjustment. This payment will be paid direct by the Debtor. Payments for months of December through March during the Plan will be deferred and spread equally over Plan months April through November. The actual payment shall be $31,928.75.

   Class 1(a)(ii) shall consist of the Allowed Secured Claim No. 8 of Bank Independent in the amount of $201,834.86. Class 1(a)(ii) shall be amortized over sixty (60) months and shall accrue interest at 5.25%. Class 1(a)(ii) shall be based upon month equal monthly installments commencing sixty (60) days after the Effective Date of the Plan. Such payments shall be $3,832.03 per month until paid. All calculations of payments are subject to adjustment. This payment will be paid direct by the Debtor. Payments for months of December through March during the Plan will be deferred and spread equally over Plan months April through November. The actual payment shall be $5,748.05.

Class 1(b): Allowed Secured Claim of CB&S

Class 1(b) shall consist of the Allowed Secured Claim No. 26 of CB&S Bank in the amount of $1,515,998.30 Class 1(b) shall be amortized over two hundred forty (240) months and shall accrue interest at 5.25%. Class 1(b) shall be based upon equal monthly installments commencing sixty (60) days after the Effective Date of the Plan. Such payments shall be $10,215.47, per month until paid. All calculations of payments are subject to adjustment. This payment will be paid direct by the Debtor. Payments for months of December through March during the Plan will be deferred and spread equally over plan months April through November. The actual payment shall be $15,323.21.

Class 1(c): Allowed Secured Claim of De Lage Landen Financial Services

Class 1(c) shall consist of the Allowed Secured Claim No. 16 of De Lage Landen Financial Services in the amount of $299,511.14. Class 1(c) shall be amortized over sixty (60) months and shall accrue interest at 5.25%. Class 1(c) shall be based upon equal monthly installments commencing sixty (60) days after the Effective Date of the Plan. Such payments shall be $5,686.51, per month until paid. All calculations of payments are subject to adjustment. This payment will be paid direct by the Debtor. Payments for months of December through March during the Plan will be deferred and spread equally over plan months April through November. The actual payment shall be $8,529.77.

**Class 2 - Allowed Unsecured Claims.**

Class 2 consists of the Allowed Unsecured Claims of all other unsecured creditors. The Allowed Unsecured Claims of the unsecured creditors will be paid from fifty percent (50%) of the Net Plan Profits (as defined in the Plan) of Debtor for five (5) years or until paid in full. This payment shall be calculated on an annual basis by March 15 of each Plan year, and paid by May 15 of each Plan year.

Exhibit "B" attached to the Disclosure Statement shows the anticipated distribution upon this current total unsecured claim of $1,517,962.72. With a predicted five (5) year payout of $960,862.00, the estimated unsecured payout will be 63.3%.

The remaining fifty percent (50%) of Net Plan Profits is reserved for taxes and capital needs during the Plan.

**Class 3 – Equity Interest Holders.**

Class 3 shall consist of the equity position of Steven D. Hammack and Roger Bedford in the Debtor. Hammack and Bedford shall retain their interest in the Debtor.

# IV.
# PROVISIONS FOR REJECTION AND ASSUMPTION OF EXECUTORY CONTRACTS

The Debtor assumes the lease with Valley Land Holdings, LLC. Pursuant to § 1123(b)(2) of the Bankruptcy Code, except for those executory contracts and unexpired leases, if any, assumed pursuant to the Plan or as to which the Debtor has filed prior to the Confirmation Date a motion to assume and assign or a motion to reject, all executory contracts and unexpired leases to which the Debtor is or was a party and not previously rejected or assumed and assigned pursuant to prior order of the Bankruptcy Court, including, without limitation, all executive and employee severance, vacation, benefit and retirement plans, contracts and agreements (including, but not limited to all stay or retention programs, incentive plans, accelerated vesting plans, accelerated benefit plans, and any other plan, agreement, contract or document relating to or providing for payments to executives or employees not part of recurring salaries and wages), are deemed rejected pursuant to § 364(a) of the Bankruptcy Code as of the Effective Date.

# V.
# MEANS OF EXECUTION OF THE PLAN

**5.01** **Means of Implementation of the Plan.** The Plan will be funded by the operations of the Debtor. The changes implemented by the Debtor in reducing its fleet and creating a more efficient delivery system should provide ample revenue to support the expenses contemplated going forward.

**5.02** **Execution of All Documents.** The Plan authorizes the Debtor to execute all documents necessary to carry out the terms of the Plan.

**5.03** **Objections to Claims and Allowances.** No payment or distribution shall be made to the holder of a claim against which an objection has been filed within thirty (30) days after the Effective Date until any such objection to a claim has been determined by Final Order of the Court. Disputed and unliquidated claims shall be estimated for purposes of voting and unless the Court orders otherwise, payments to holders of contested claims that are subsequently allowed shall be made in accordance with the terms of the Plan. Contest of claims shall be filed with the Court no later than sixty (60) days after the Effective Date.

**5.04** **Retention of Assets.** Except as provided for in the Plan or in the order confirming the Plan, on the Confirmation Date the Debtor shall be vested with all of the property of the estate and shall retain all property rights free and clear of all liens, charges, and other interests of the creditors.

# VI.
# MODIFICATION AND CONFIRMATION OF THE PLAN

**6.01** **Pre-Confirmation Modifications.** Debtor may propose modifications hereof at any time prior to Confirmation without leave of this Court, upon such notice as may be required by this Court. If such modification is made after acceptance hereof, this Plan as so modified shall be deemed accepted by all holders of claims and equity interests that have previously accepted this

plan, provided that this Court finds that such modification would not materially and adversely change the treatment of the holders of claims or equity interests that have not accepted such modification in writing.

**6.02** **Post-Confirmation Modifications.**

(a) Except as provided in Subsection (b) of this section, Debtor may modify this Plan after Confirmation only if this Court determines that this Plan as so modified meets all of the requirements for confirmation.

(b) Notwithstanding Subsection (a) of this section, the Debtor may modify this Plan during the period between the Confirmation Date and the "substantial consummation," provided that this Court determines only that such modification does not materially and adversely change the treatment of claims or equity interests but merely remedies a defect or omission or reconciles an inconsistency in or between this Plan and/or the Confirmation Order in such manner as may be necessary to carry out the purposes and effect hereof.

**6.03** **Effect of Confirmation.**

(a) Upon Confirmation, the provisions hereof shall bind the Debtor and each holder of a Claim whether or not (1) the Claim of such holder is impaired hereunder or (2) such holder has accepted this plan.

(b) Except as otherwise provided herein or in the Confirmation Order, Confirmation vests all of the property of the estate in Debtor, free and clear of all claims.

(c) Except as provided for in §1141(d)(5), Confirmation discharges the Debtor from any debt that arose before the Confirmation Date and any claim of a kind specified in Section(s) 502(g), 502(h), or 502(i) of the Bankruptcy Code, whether or not (1) a proof of claim is filed with respect thereto, (2) the debt appears in the schedules of liabilities filed by the Debtor, (3) the debt is allowed, or (4) the holder of such debt has accepted this Plan.

(d) Confirmation shall constitute approval or ratification by this Court of the assumption or rejection of the Debtor' executory contracts and unexpired leases pursuant to Section IV hereof.

(e) Confirmation shall constitute approval by this Court of all financing arrangements, leases, contracts, and other actions that the Debtor propose in the Disclosure Statement or herein, to enter into, make, or take in connection with implementation hereof, including the execution of any documents as of the Effective Date.

## VII.
## RETENTION, ENFORCEMENT AND WAIVER OF CLAIMS

**7.01** Pursuant to § 1123 (b) (3) of the Code, the Debtor shall retain and may enforce any and all claims of the Debtor except claims waived, relinquished, or released in accordance with the Plan.

**7.02** No party in interest except the Debtor shall maintain or commence an action to recover a preference as defined in § 547 (b) of the Code after the Confirmation Order is entered.

**7.03** Contests of Claims shall be filed with the Court not later than thirty (30) days after the Effective Date.

**JURISDICTION OF THE COURT**

**8.01** **Continuing Jurisdiction.** The Court shall retain and have exclusive jurisdiction over the Reorganization Case for the following purposes:

    (a)    To determine any and all objections to the allowance of claims or interests;

    (b)    To determine any and all applications for allowances of compensation and reimbursement of expenses and any other fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code or the Plan;

    (c)    To determine any applications or motions pending on the Effective Date for the rejection, assumption, or assumption and assignment of any executory contract and to hear and determine, and if need be, to liquidate any and all claims arising therefrom;

    (d)    To determine any and all applications, adversary proceedings, and contested matters that may be pending on the Effective Date;

    (e)    To consider any modification of this Plan, remedy any defect or omission or reconcile any inconsistency in any Order of the Court, to the extent authorized by the Court;

    (f)    To determine all controversies, suits, and disputes that may arise in connection with the interpretation, enforcement, or consummation of the Plan or that may involve or affect the value of assets of the Company administered by the Plan;

    (g)    To consider and act on the compromise and settlement of any claim against or cause of action by or against the Debtor arising under or in connection with the Plan;

    (h)    To issue such orders in aid of execution of the Plan to the extent authorized by § 1142 of the Bankruptcy Code;

    (i)    To determine such other matters as may be set forth in any order or orders confirming the Plan or which may arise in connection with the Plan or any other Order or Orders confirming the Plan.

## IX.
## MISCELLANEOUS PROVISIONS

**9.01** **Prior Court Orders.** All prior orders entered by the United States Bankruptcy Court for the Northern District of Alabama are hereby incorporated by reference, including their terms, conditions, benefits, requirements and obligations.

**9.02    Cramdown.**  With respect to any class not accepting the Plan, the Proponents do hereby request confirmation of the Plan pursuant to § 1129(b) of the Bankruptcy Code on the grounds that the Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims that are impaired.

**9.03    Quarterly Fees.**   The Debtor will make their quarterly fees to the Bankruptcy Administrator pursuant to 28 U.S.C. § 1930.  Debtor will continue to make these payments as required post-petition.

**9.04    Compliance with Tax Requirements.**  In connection with the Plan, the Debtor will comply with all withholding and reporting requirements imposed by federal, state and local taxing authorities, and all distributions hereunder shall be subject to such withholding and reporting requirements.

**9.05    Retention of Liens.**  Each creditor whose claim is secured by a lien or mortgage on property of the Debtor shall retain such lien or mortgage until such creditor's claim is paid in full according to the treatment proposed under the Plan at which time the lien shall be released.

**9.06    Employment and Payment of Professionals.**

   (a)    During the period between the Confirmation Date and the Effective Date, Debtor may (1) continue to avail itself of the services of professional persons whose employment was approved at or prior to Confirmation in completing the administration of this case and in the consummation and performance hereof, and (2) if necessary and with the approval of this Court, employ additional professional persons to render such services.

   (b)    With respect to services rendered and expenses incurred in or in connection with this case during such period by any such professional person, the professional person may render periodic billings therefore to the Debtor and the Debtor shall promptly pay the same, but each such payment shall be subject to review and approval by this Court as to the reasonableness thereof.

**9.07    Notice of Hearing and Motions Post Confirmation.**  Upon confirmation of the Plan, all of the motions, and applications for compensation to professionals, and notices of such hearings shall be limited to the Debtor, Bankruptcy Administrator and any party of interest directly affected by such motion or application.

**9.08    Satisfaction of Claims.**  The rights afforded in this Plan shall be in exchange for and in complete satisfaction, discharge, and release of all Allowed Claims, liens and encumbrances of any nature whatsoever, including any interest accrued thereon from and after the Filing Date, against the Debtor or any of their assets; and, except as otherwise provided herein, on Confirmation, all such Allowed Claims against the Debtor or their assets, any other or further Allowed Claim based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to Confirmation are satisfied, discharged and released.

# X.
# CLOSING OF CASE

**10.1** **Procedure for Closing Case**.  If the Court concludes that a hearing on such motion would be appropriate, such hearing shall be conducted upon notice only to the Debtor, the Bankruptcy Estate Administrator, and persons specially requesting notices at the hearing on confirmation.

    Respectfully submitted October 9, 2018.

                                          Debtor and Debtor-in-possession

                                          VALLEY LUMBER, INC.

                                          By:  Roger Bedford
                                          Its:   Owner

                                          */s/Roger Bedford*
                                          Roger Bedford

                                          */s/ Stuart M. Maples*
                                          STUART M. MAPLES
                                          (ASB-1974-S69S)

                                          */s/ Mary Ena J. Heath*
                                          MARY ENA J. HEATH
                                          (ASB-8001-E50M)

MAPLES LAW FIRM, PC
200 Clinton Ave. W, Suite 1000
Huntsville, Alabama 35801
Tel: (256) 489-9779
Fax: (256) 489-9720
smaples@mapleslawfirmpc.com
mheath@mapleslawfirmpc.com

## CERTIFICATE OF SERVICE

       I do hereby certify that on October 9, 2018 a copy of the foregoing document was served on the following by Electronic Case Filing a copy of the same.

Richard Blythe
Bankruptcy Administrator
P.O. Box 3045
Decatur, AL  35602

All parties requesting notice

                                      */s/ Stuart M. Maples*
                                      STUART M. MAPLES

Case 17-72121-CRJ11    Doc 211    Filed 10/09/18    Entered 10/09/18 14:36:08    Desc
Main Document    Page 13 of 13