IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 17-72121-CRJ11 |
| | ) | |
| VALLEY LUMBER COMPANY, INC. | ) | |
| EIN.: xx-xxx9615 | ) | |
| | ) | |
| | ) | CHAPTER 11 |
| Debtor. | ) | |

## OBJECTION TO CONFIRMATION OF DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OR REORGANIZATION DATED OCTOBER 9, 2018

**COMES NOW**, CB&S Bank, a secured creditor in the above entitled bankruptcy proceeding, by and through its attorney of record, William M. Hancock, and objects to confirmation of the Debtor's First Amended Chapter 11 Plan of Reorganization Dated October 9, 2018, and in support thereof would state as follows:

### PERTINENT FACTS

1. On or about the 30th day of August, 2016, CB&S Bank loaned to Valley Lumber Co., Inc. the principal sum of $1,488,928.87, and, as evidence of the obligation to repay such to CB&S Bank, the Debtor executed and delivered to CB&S Bank, a Note and Security Agreement of even date (hereinafter referred to as "CB&S Note"). The CB&S Note is secured by an accommodation mortgage executed by Roger H. Bedford, Jr. dated July 14, 2015 on real property located in Franklin County, Alabama (hereinafter referred to as "Real Property") and additionally secured by the Debtor's equipment, inventory, fixtures, the accounts and proceeds thereof and other collateral (hereinafter collectively referred to as "Collateral"). The CB&S Note matured on August 29, 2017.

2. On the 8th day of December, 2017, the Debtor filed a Chapter 11 bankruptcy petition in the Northern District of Alabama, Western Division. Upon the filing of a motion by the Debtor, the case was transferred to the Northern District, Northern Division on December 21, 2017 and is hereinafter referred to as Case Number 17-72121-CRJ11.

3.      On the 12th day of April, 2018, CB&S filed its secured proof of claim on the CB&S Note in the amount of $1,515,998.30 at 7.25% interest which claim is identified as Claim Number 26.

4.      On the 16th day of August, 2018, the Debtor filed its Chapter 11 Plan of Reorganization. PACER Document Number 177.

5.      On the 9th day of October, 2018, the Debtor filed its First Amended Chapter 11 Plan of Reorganization. PACER Document Number 211.

6.      On the 28th day of February, 2018, De Lage Landen Financial Services, Inc., a creditor in the instant case, filed its Motion for Relief from Stay. PACER Doc. No. 100. On the 27th day of March, 2018, this Court entered its Consent Order on Motion for Relief from Stay. PACER Doc. No. 118. On the 14th day of August, 2018, De Lage Landen Financial Services, Inc. filed its Notice of Continuing Default. PACER Doc. No. 175.

7.      On the 17th day of August, 2018, CB&S Bank filed its Motion for Adequate Protection or in the alternative, Motion for Relief from Stay. PACER Doc. No. 180. On the 2nd day of October, 2018, this Court entered its Order Conditionally Denying Motion for Adequate Protection and Conditionally Denying Motion for Relief from Stay. PACER Doc. No. 206. On the 12th day of November, 2018, CB&S Bank filed its Notice of Continuing Default. PACER Doc. No. 239.

## BASIS OF OBJECTION

### I. THE PLAN VIOLATES THE ABSOLUTE PRIORITY RULE.

8.      The Plan proposes to pay CB&S Bank's claim in the amount of $1,515,998.30 over 240 months[1]. See Class 1(b), p. 7. Meanwhile, the Plan proposes to pay unsecured tax

---

[1] The Plan also proposes to pay Bank Independent's Claim in the amount of $3,512,626.51 (Class 1(a)(i) over 240 months.

claims and general unsecured in full over 60 months. The Plan violates the Absolute Priority Rule where it proposes to pay unsecured claims in full in 60 months and to pay CB&S Bank's secured claim over 240 months. The Plan diverts 50% of the Net Plan Profits to unsecured creditors while extending the payment of CB&S Bank's claim out 20 years.

9. The Absolute Priority Rule is grounded in 11 U.S.C. §1129(b) and its requirement of fair and equitable treatment of creditors. The Absolute Priority Rule "provides that a dissenting class of unsecured creditors must be provided for in full before any junior class can receive or retain any property [under a reorganization] plan." Northwest Bank Worthington v. Ahlers, 485 U.S. 197, 202 (1988). The Plan does not provide for CB&S Bank to be paid in full *before* any junior class can receive property (payment). The Plan violates the Absolute Priority Rule by paying unsecured claims within 60 months and paying CB&S Bank over 20 years. Indeed, the Plaintiff proposes to pay all but one other claim in full within 60 months while stretching out the repayment term of the CB&S Bank's claim over 20 years. Under the Plan, CB&S Bank's claim would be paid within 60 months if it were unsecured. Instead, as a secured claim, it would be paid over 20 years. The essence of the Absolute Priority Rule is to prevent exactly the sort of discrimination that the Plan proposes.

## II. THE PLAN'S 20-YEAR TERM IS FAR TOO LONG.

10. In order to be confirmed, a plan must not "discriminate unfairly" and must be "fair and equitable." 11 U.S.C. §1129(b)(1). The Plan proposes an unfair and discriminatory repayment plan among similarly situated secured creditors. The Plan designates Class 1 as secured claims that are to be paid set monthly payments. The Plan is unfair to the extent it proposes to pay certain claims over 60 months while paying other over 240 months. The Plan proposes to pay Bank Independent on its $201,834.86 Claim and De Lage Landen Financial Services on its claim of $299,511.14 over 60 months. See Classes 1(a)(ii) and 1(c), pp. 6 and 7. The Plan proposes to pay CB&S Bank's claim over 240 months. See Class 1(b), p. 7. The Plan is not fair and equitable to the extent it repays claims in the same class over different repayment terms.

11.     The CB&S Bank claim is based upon a note that was entered into August 30, 2016 with a maturity date of August 29, 2017.  See Claim 26.  The CB&S Note had already matured and gone unpaid at the time the Debtor filed this Bankruptcy Case.  The Plan seeks to replace an already matured term with a new term of 20 years.  A term replacement of what will be more than 20 years is not reasonable, fair or equitable.

12.     The U. S. Bankruptcy Court for the Southern District of Florida determined that a debtor operating a Miami hotel had failed to show that its ten year repayment term of a secured claim was fair and equitable.  In re Miami Center Associates, Ltd., 144 B.R. 937 (1992).  In considering the ten year repayment term of a ten year note that was in its ninth year, the Court determined that the current market was only three to four years and that a ten year term extension by plan was too long to be fair or equitable.  144 B.R. 937, 940-941.  The objecting creditor in Miami Center Associates, Ltd. was owed approximately $39,844,024.92 and the Bankruptcy Court determined that a ten-year repayment plan was not fair or equitable.  In this case, the Debtor has proposed a 20-year repayment plan of a debt of only $1.5 million, a term that is twice as long to repay a sum $1/26^{th}$ the size of the Miami Center Associates, Ltd. claim.

### III. THE INTEREST RATE PROPOSED BY THE PLAN IS TOO LOW.

13.     The United States Supreme Court addressed the appropriate interest rates to be paid to secured creditors in Chapter 11, 12 and 13 cases in 2004.  Till v. SCS Credit Corp., 541 U.S. 465 (2004).  In Till, the Supreme Court adopted a "prime-plus" approach which begins with the published prime rate and adds a risk factor based upon the circumstances of the state, the nature of the security, and the duration and feasibility of the reorganized plan.  541 U.S. 465 (2004).  The prime rate currently stands at 5.25%.  The Plan seeks to cram down the interest rate from 7.25% to 5.25% over that term.  The cram down interest rate proposed by the Plan is not fair or equitable in that it does not allow for any risk factor at all.  An appropriate interest rate for the CB&S Claim would be 7.25%.

Case 17-72121-CRJ11    Doc 240    Filed 11/12/18    Entered 11/12/18 10:59:29    Desc
Main Document    Page 4 of 9

## IV. THE PLAN IS NOT FEASIBLE.

14. 11 U.S.C. §1129(a)(11) requires the Debtor to demonstrate that the plan is not likely to be followed by the liquidation, or need for further financial reorganization of the Debtor. Thusfar, the Debtor has agreed to terms with two different creditors for adequate protection payments: De Lage Landen Financial Services, Inc. and CB&S Bank. In both cases, the Debtor failed to remit agreed adequate protection payments, causing the stay to lift. PACER Doc. Nos. 100, 175, 180 and 239. The Debtor is not in a position to demonstrate it that there will not be a liquidation or further reorganization. The Debtor cannot even maintain adequate protection payments. If and when either De Lage Landen or CB&S Bank take possession of their equipment, the Debtor will have no effective way to fund the Plan. Upon information and belief the collateral securing the two loans is integral to the Debtor's continued operation.

15. During the §341 Meeting of Creditors a representative of the Debtor indicated that one of its most profitable product lines, the Ultralam product, cannot be produced when the ambient temperature falls below 40 degrees Fahrenheit. This filing is submitted on the 12th day of November, 2018. This Court may take judicial notice that the weather in northern Alabama can and will routinely fall below 40 degrees between November and March. The Debtor will soon be unable to produce its most profitable product. Worse, the Debtor is presumed to be exiting the time of year when it could have manufactured Ultralam products and despite those conditions was still unable to even service adequate protection payments. At a time when the Debtor should have substantial income and cash reserves, it has been unable to cover even minimal payments.

16. The Debtor has not demonstrated that the confirmation of the Plan will not be followed by liquidation or further financial reorganization.

## V. THE PLAN IS AMBIVALENT IN ITS TREATMENT OF CLAIMS AND LIENS.

17. Sections 5.04 and 6.03 of the Plan indicate that the Debtor retains all property "free and clear of all liens, charges, and other interests of the creditors" and all property of the

estate vests in the Debtor "free and clear of all claims." Section 9.05 of the Plan indicates that claims secured by lien or mortgage are retained until the claims are paid in full. CB&S Bank objects to the confirmation of this Plan to the extent it proposes to extinguish the claims or liens of CB&S Bank.

### VI. THE PLAN LIMITS NOTICE TO CREDITORS ON CASE CLOSING MOTIONS.

18. Section 10.1 of the Plan proposes to provide notice of the closing of the case only upon notice to the Debtor, the Bankruptcy Estate Administrator, and persons specially requesting notices as the hearing on confirmation. CB&S Bank objects to confirmation to the extent the Plan proposes to grant authority to close the case upon notice to fewer than all creditors. Alternatively, CB&S Bank hereby specifically requests notice of any motion to close the bankruptcy case, or which seeks similar remedies.

**WHEREFORE**, premises considered, CB&S Bank requests that this Honorable Court deny confirmation of the Debtor's First Amended Chapter 11 Plan of Reorganization Dated October 9, 2018, and grant such further and different relief as it may deem just and proper.

**RESPECTFULLY** submitted this the 12th day of November, 2018.

William M. Hancock
Attorney for CB&S Bank

WOLFE, JONES, WOLFE, HANCOCK,
DANIEL, & SOUTH, LLC
905 Bob Wallace Avenue
Huntsville, Alabama 35801
(256) 534-2205 - Telephone
(256) 519-6691 - Facsimile
bankruptcy@wolfejones.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the below listed parties to this action by placing a copy of same in the United States Mail, postage pre-paid and properly addressed, or by notification of the CM/ECF electronic notification system, this the 12TH day of November, 2018.

_____
William M. Hancock

*VIA U.S. MAIL*

Valley Lumber Company, Inc.
Post Office Box 280
Hackleburg, Alabama 35564

Ashland
50 East River Center Boulevard
Covington, Kentucky 41011

Bank Independent
Post Office Box 5000
Sheffield, Alabama 35660

Barge Forest Products
Post Office Box 72
Macon, Mississippi 39341

Canfor Southern Pine, Inc.
Post Office Box 535742
Atlanta, Georgia 30353

Compressors & Tool
Post Office Box 2296
Tupelo, Mississippi 38803

Delage Financial
Post Office Box 41602
Philadelphia, Pennsylvania 19101

Dixieland Trucking
Post Office Box 214
Fulton, Mississippi 38843

Page 7 of 9

Case 17-72121-CRJ11    Doc 240    Filed 11/12/18    Entered 11/12/18 10:59:29    Desc
Main Document    Page 7 of 9

Joe N. Miles & Sons
Post Office Box 743770
Atlanta, Georgia 30374

Koppers
Post Office Box 932818
Cleveland, Ohio 44193

Lincoln Lumber
Post Office Box 453
Brookhaven, Mississippi 39602

Meteor Express
Post Box 2222
Decatur, Alabama 35609

MPE Services
Post Box 1418
Russellville, Alabama 35653

Online
2275 Waters Drive
Mendota Heights, Minnesota 55120

Rex Lumber
Post Office Box 7
Graceville, Florida 32440

Shuqualak
Post Office Box 68
Shuqualak, Mississippi 39361

Springer Equ
4263 Underwood Industrial Drive
Birmingham, Alabama 35210

TQL
Post Office Box 634558
Cincinnati, Ohio 45263

West Fraser
Post Office Box 951646
Dallas, Texas 75395

*VIA ELECTRONIC NOTICE*

Hon. Stuart M. Maples
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
smaples@mapleslawfirm.com

Kevin C. Gray
200 Clinton Avenue West, Suite 900
Huntsville, Alabama 35801
kgray@bradley.com

Cynthia R. Slate-Cook
Post Office Box 1344
Decatur, Alabama 35602
cindyslatecook@aol.com